JOURNAL ENTRY AND OPINION
Defendant-appellant Levi Wilson (appellant) appeals his conviction for trafficking in cocaine (R.C. 2925.03) entered in Cuyahoga County Common Pleas Court following a jury verdict. For the reasons stated below, we affirm.
The record demonstrates that on August 24, 1998, appellant was arrested by the Cleveland police for selling or offering for sale less than one gram of crack cocaine. On September 29, 1998, the Cuyahoga County Grand Jury returned a one-count indictment charging appellant with trafficking in cocaine. At his arraignment on October 6, appellant was found to be indigent, was assigned counsel and entered a plea of not guilty to the charge against him. The state filed its Bill of Particulars on October 8, 1998. However, on October 30, appellant, pro se, filed a motion captioned Motion to Suppress the Evidence by which he requested discovery regarding the amount of cocaine involved as claimed by the state. On November 19, jury trial commenced. At trial, the state offered the testimony of three Cleveland police detectives who effected appellant's arrest. First, Det. Tony Roman, a twenty-three year veteran of the Cleveland Police Department and member of the Street Crime Unit testified that on August 24 he was working in an undercover car in the area of East 73 Street and Lorain Avenue. While driving east, he noticed two black males flagged a blue car going west; the men conversed with the occupants of the blue car and directed the blue car toward the alley way. Based upon his experience, this activity led him to believe the men may have been selling drugs. He observed that appellant was wearing a red shirt and blue cut-off shorts and was drinking out of a brown paper bag. Detective Melton, who was working in tandem with Det. Roman, was in a second undercover car behind him. Detective Roman made a u-turn, stopped his car and engaged appellant in conversation. Appellant asked Det. Roman what he needed. Detective Roman inquired as to what appellant had. Appellant responded I have whatever you need. Detective Roman asked for a 20. Appellant reached into his pocket and responded that although he did not have a 20 he had a 50 and he directed Det. Roman to the gas station. Meanwhile, a police radio broadcast alerted him that a complaint was received of a man in a red shirt and blue-jean cut-offs selling drugs at the location. At the gas station, he saw appellant toss out his beer. Detective Roman exited his undercover car with his gun drawn and identified himself. Appellant was patted down for weapons, but no drugs or weapons were found. Appellant was advised of his rights. Upon his arrest, appellant stated that he did not have any drugs, he was just playing around. After he was transported to the police station, appellant admitted that he tried to sell a fifty-dollar rock but he did not have one to sell.
Next, Det. Douglas Melton, a ten-year police veteran and member of the Street Crime Unit, testified that his unit consisted of four individuals. He and Det. Roman were each assigned to an undercover car and Det. Cottom and Det. Davis were in the take down detective vehicle. When Det. Roman stopped his car, Det. Melton stopped his car behind him. Appellant, who was wearing a red shirt, yelled across the street asking Det. Roman what he wanted. Detective Melton heard a 20 piece and a 50 piece mentioned. Hearing this, he advised Det. Cottom and Det. Davis by radio that the man wanted to sell drugs. Then, following Det. Roman, Det. Melton entered the gas station. He and Det. Davis went after the second man while Det. Roman and Det. Cottom went to appellant. Both at the gas station and at the police station, Det. Melton heard appellant comment, he was only kidding and he had no drugs. On cross-examination, Det. Melton stated that he heard appellant yell to Det. Roman that he could get it all and heard appellant say that he did not have a twenty piece, but he had a fifty.
Finally, Det. Todd Davis, a nine and one-half year police veteran, testified that he was assigned with Det. Cottom to the unmarked detective car for applying take down assistance to Det. Roman and Det. Melton. He and Det. Cottom monitored the radio, approached the area, arrived at the gas station and identified themselves as police officers to appellant. Simultaneously, they received a radio broadcast for a black male involved in drug sales wearing a red shirt and blue-jean shorts. A second man who was with appellant was searched and warned but not arrested. Detective Davis testified that he did not take part in the search of appellant. Detective Davis testified while at the office, he overheard appellant say that he was just joking. Further, he overheard appellant say I wanted to sell a `50' but I didn't have anything to sell.
The state rested its case and appellant moved for acquittal pursuant to Crim.R. 29, which was denied by the court. The defense presented no witnesses, rested and renewed the motion for acquittal which was denied. Closing arguments were made, the jury was charged and after deliberations, the jury returned a verdict of guilty on the charge. The court ordered a presentence report and on December 18, 1998, appellant's probation was revoked and he was sentenced to a six-month term of imprisonment with credit for time already served. This delayed appeal follows in which appellant advances three assignments of error for our review.
I. THE EVIDENCE IS INSUFFICIENT TO CONVICT THE APPELLANT.
II. THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE.
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. When the appellant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319; State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed unless this court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Id. at 273.
Appellant was convicted of drug trafficking in violation of R.C. 2925.03, which provides in pertinent part that he knowingly did sell or offer to sell a controlled substance, to-wit: crack cocaine, a schedule II drug, in an amount of one gram or less.
The evidence presented at trial, when viewed in the light most favorable to the prosecution, supports a finding beyond a reasonable doubt of the essential elements of drug trafficking as charged. The trial testimony of Det. Roman and Det. Melton is sufficient to demonstrate that appellant offered to sell a rock of crack cocaine to Det. Roman. Thus, a reasonable trier of fact could have found that the essential elements of drug trafficking were proven beyond a reasonable doubt. Accordingly, we find appellant's first assignment of error to be without merit.
In his second assignment of error, appellant contends that the verdict was against the manifest weight of the evidence. Specifically, appellant contends that he was not serious, he was joking around and there was no evidence of drugs, money or a pager to support the conclusion that he was attempting to sell or selling drugs.
To determine whether a conviction is against the manifest weight of the evidence presented, this court examines the entire record to determine whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction. State v. Getsy (1998), 84 Ohio St.3d 180. The question is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, at the syllabus. In determining whether the decision of a trial court is against the manifest weight of the evidence, the following factors are guidelines and may be taken into account by the reviewing court: 1) the reviewing court is not required to accept as true the incredible * * *; 2) whether the evidence is uncontradicted * * *; 3) whether a witness was impeached * * *; 4) what was not proved * * *; 5) the certainty of the evidence * * *; 6) the reliability of the evidence * * *; 7) whether a witness' testimony is self-serving * * *; and 8) whether the evidence is vague, uncertain, conflicting or fragmentary. State v. Mattison (1985), 23 Ohio App.3d 10,14. Moreover, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Upon review of the testimony of the police officers in this case, we find their testimony to be credible, uncontradicted, not self-serving and neither vague, uncertain nor fragmentary. The detectives, each experienced in drug arrests, saw appellant flag down two cars, communicate with the vehicles' occupants and direct the vehicles to another location in a manner consistent with the negotiation for the sale of a rock of crack cocaine. The detectives testified that, upon his arrest, appellant admitted to the activity of what appeared to be a negotiation of a deal for the sale of a 50 rock, but he denied it was a real negotiation claiming that he was just joking.
When we weigh the evidence and all reasonable inferences and when we consider the credibility of the witnesses, we conclude that there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. Therefore, it cannot be said that the jury lost its way in finding appellant guilty of drug trafficking. Accordingly, we find no manifest miscarriage of justice occurred and we find appellant's conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is without merit.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JAMES D. SWEENEY, J. and PATRICIA ANN BLACKMON, J., CONCUR.